THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:14-cv-00278-MR-DLH

| | |
|---|---|
| RYAN D. LITTLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| NORFOLK SOUTHERN RAILWAY ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Plaintiff's counsel's Motion for Special Admission *Pro Hac Vice*. [Doc. 3]. In the motion, Kerry R. McDonald states that he has been retained as counsel by the Plaintiff to seek personal injury damages pursuant to the provisions of 45 U.S.C. §51, *et seq.*, the Federal Employers' Liability Act. [Id.].

The Court will deny the Plaintiff's counsel's Motion for Special Admission *Pro Hac Vice*. [Doc. 3]. As noted in Local Rule 83.1(C)(1) for the Western District of North Carolina, "[s]pecial, *pro hac vice*, and *nunc pro tunc* admissions are discretionary . . ." LCvR 83.1. "It is well settled that permission to a nonresident attorney, who has not been admitted to practice in a court, to appear *pro hac vice* in a case there pending is not a

right but a privilege, the granting of which is a matter of grace resting in the sound discretion of the presiding judge." Thomas v. Cassidy, 249 F.2d 91, 92 (4th Cir. 1957) (citing 5 Am. Jur. p. 572; Manning v. Roanoke & T.R. Co., 122 N.C. 824, 28 S.E. 963; Youmans v. Hanna, 35 N.D. 479, Ann. Cas. 1917E, 263; Note 24 L.R.A., N.S., 754). Further, "[t]here is grave doubt whether the denial of such [*pro hac vice*] permission is appealable, since what is denied is not a right but a mere privilege." See Thomas, 249 F.2d at 92 (upholding the judge's denial of *pro hac vice* admission where the judge's findings were not clearly wrong and there was no abuse of discretion on the judge's part).

While special admission is contemplated by the Local Rules, see LCvR 83.1(B)(2), it is the exception rather than the rule. The Court notes the essential importance of the assistance of local counsel to a nonresident attorney handling matters in this district. Local counsel play an integral role in assisting nonresident attorneys with competent representation of clients in this Court. Counsel has stated that he has previously appeared in this Court. The last case in which he so appeared, however, was closed in 1996. This indicates that he is likely unfamiliar with the requirements and regular practice in this Court. For these reasons, this case warrants the

association of local counsel, especially due to its importance and the significance of its amount in controversy.

## O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Special Admission *Pro Hac Vice* [Doc. 3] is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's counsel Mr. McDonald has thirty (30) days to associate with local counsel and seek *pro hac vice* admission to this Court. If Mr. McDonald fails to seek such admission within thirty (30) days of the date of this Order, this action will be dismissed without prejudice.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge